THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>        v.<br><br>RONALD A. FOSSUM, JR. and ALONZO R. CAHOON,<br><br>    Defendants. | CASE NO. C17-1894-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's unopposed motion for final judgment pursuant to Federal Rule of Civil Procedure 54(b) as to Defendant Ronald A. Fossum, Jr. ("Defendant") (Dkt. No. 30). Having thoroughly considered the parties' briefing and the relevant record, the Court GRANTS the motion as described below.

Defendant consented to entry of final judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph IX). (Dkt. No. 30-1.) He also waived findings of fact and conclusions of law and any right to appeal from a final judgment. (*Id*.)

Accordingly, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

//

//

ORDER
C17-1894-JCC
PAGE - 1

I.

Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this order and related judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

Defendant is permanently restrained and enjoined from violating Section 5 of the Securities Act, 15 U.S.C. § 77e, by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise, unless a registration statement is in effect as to a security;

    (b)    Carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of

1  sale or for delivery after sale, unless a registration statement is in effect as to a
   security; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this order and related judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### III.

Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this order and related judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

IV.

Defendant is permanently restrained and enjoined from violating Section 15 of the Exchange Act, 15 U.S.C. § 78o, by making use of any means or instrumentality of interstate commerce or of the mails and engaging in the business of effecting transactions in securities for the accounts of others, or inducing or effecting the purchase and sale of securities, while not registered with the Commission in accordance with the provisions of Section 15(b) of the Exchange Act, or while not associated with a broker-dealer that was so registered.

As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this order and related judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

V.

Defendant is permanently restrained and enjoined from violating Sections 206(1) and (2) of the Investment Advisers Act of 1940, 15 U.S.C. § 80b-6(1) and (2), by the use of any means or instrumentality of interstate commerce, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud any client or prospective client; or

(b) to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also

binds the following who receive actual notice of this order and related judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

VI.

Defendant is permanently restrained and enjoined from, directly or indirectly, including, but not limited to, through any entity owned or controlled by Defendant, participating in the issuance, purchase, offer, or sale of any security; provided, however, that such injunction shall not prevent Defendant from purchasing or selling securities listed on a national securities exchange for his/her own personal account.

As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this order and related judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

VII.

Defendant is liable for disgorgement of $840,729.42 representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $110,823.04, and a civil penalty in the amount of $320,000 pursuant to Section 20(d)(l) of the Securities Act, Section 21(d)(3)(A) of the Exchange Act, and Section 209(e) of the Advisers Act. Defendant shall satisfy this obligation by paying $1,271,552.46 to the Securities and Exchange Commission within 14 days after entry of this order and related judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/

ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to: Enterprise Services Center, Accounts Receivable Branch, 6500 South MacArthur Boulevard, Oklahoma City, OK 73169. Such payment shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; identifying Ronald A. Fossum, Jr., as a defendant in this action; and specifying that payment is made pursuant to this order and related judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this order and related judgment to the United States Treasury.

The Commission may enforce the Court's order and related judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this order and related judgment. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. Section 1961.

VIII.

Defendant's Consent is incorporated herein with the same force and effect as if fully set forth herein. Defendant shall comply with all of the undertakings and agreements set forth therein.

IX.

Solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this order and related judgment, or any other judgment, order, consent order,

decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

X.

This Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this order and related judgment.

DATED this 7th day of June 2018.

*[Signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE