UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br>v.<br><br>RONALD A. FOSSUM, JR., *et al.*,<br><br>Defendants. | CASE NO. C17-1894-JCC<br><br>ORDER |

This matter comes before the Court on the parties' agreed motion for final judgment as to Defendant Alonzo R. Cahoon (Dkt. No. 40). Having thoroughly considered the parties' briefing and the relevant record, the Court GRANTS the motion as described below.

Defendant consented to entry of final judgment without admitting or denying the allegations of the complaint (except as to jurisdiction and except as otherwise provided in paragraph IX herein) (the "Consent"). (Dkt. No. 40-1.) He also waived findings of fact and conclusions of law and any right to appeal from a final judgment. (*Id.*) Accordingly, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

I.

Defendant is permanently restrained and enjoined from violating Section 5 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77e, by, directly or indirectly, in the

absence of any applicable exemption:

    (a) unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    (b) unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

    (c) making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this order and related judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a) to employ any device, scheme, or artifice to defraud;

    (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this order and related judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## III.

Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this order and related judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## IV.

Defendant is permanently restrained and enjoined from violating Section 15(a) of the

Exchange Act, 15 U.S.C. § 78o(a), by making use of any means or instrumentality of interstate commerce or of the mails and engaging in the business of effecting transactions in securities for the accounts of others, or inducing or effecting the purchase and sale of securities, while not registered with the Commission in accordance with the provisions of Section 15(b) of the Exchange Act, or while not associated with a broker-dealer that was so registered.

As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this order and related judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

V.

Defendant is permanently restrained and enjoined from violating Sections 206(1) and (2) of the Investment Advisers Act of 1940, 15 U.S.C. §§ 80b-6(1) and (2), by the use of any means or instrumentality of interstate commerce, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud any client or prospective client; or

(b) to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this order and related judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

VI.

Defendant is liable for disgorgement $421,000.00 representing profits gained as a result of the conduct alleged in the complaint, together with pre-judgment interest thereon in the

amount of $54,695.28, for a total of $475,695.28. Based on Defendant's sworn representations in his Statement of Financial Condition dated March 26, 2018, and other documents and information submitted to the Commission, however, the Court is not ordering Defendant to pay a civil penalty, and payment of all but $74,000 of the disgorgement and pre-judgment interest thereon is waived. Defendant shall satisfy this obligation by paying $74,000 to Maria M. Yip, as Liquidating Trustee ("Trustee") in the Chapter 11 case of *In re Pelican Real Estate, LLC, et al.*, Case No. 6:16-bk-03817 (Bankr. M.D. Fla.) pursuant to the terms of the payment schedule set forth in paragraph VII below. The Trustee must distribute such funds solely to investors in Class 5, Class 6, and Class 7 of the confirmed Plan in the bankruptcy case in order for Defendant's payments of such funds to satisfy this obligation.

Defendant may transmit payment to the Trustee according to the Trustee's direction. The payment shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; identifying Alonzo R. Cahoon as a defendant in this action; and specifying that payment is made pursuant to this order and related judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendant.

The determination not to impose a civil penalty and to waive payment of all but $74,000 of the disgorgement and pre-judgment interest is contingent upon the accuracy and completeness of Defendant's Statement of Financial Condition. If at any time following the entry of this order and related judgment the Commission obtains information indicating that Defendant's representations to the Commission concerning his assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to Defendant, petition the Court for an order requiring Defendant to pay the unpaid portion of the

disgorgement, pre-judgment and post-judgment interest thereon, and the maximum civil penalty allowable under the law. In connection with any such petition, the only issue shall be whether the financial information provided by Defendant was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made. In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering Defendant to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this order and related judgment. The Commission may also request additional discovery. Defendant may not, by way of defense to such petition: (1) challenge the validity of the Consent or this order and related judgment; (2) contest the allegations in the complaint filed by the Commission; (3) assert that payment of disgorgement, pre-judgment and post-judgment interest, or a civil penalty should not be ordered; (4) contest the amount of disgorgement and pre-judgment and post-judgment interest; (5) contest the imposition of the maximum civil penalty allowable under the law; or (6) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense.

The Commission may enforce the Court's judgment for disgorgement and pre-judgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this order and related judgment. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## VII.

Defendant shall pay the total of disgorgement and pre-judgment interest due of $74,000 in installments to the Trustee according to the following schedule: (1) $50,000 within 14 days of entry of this order and related judgment; (2) $1,000 on or before the 15th day of each month for 24 months, beginning the month immediately following the month in which the first installment of $50,000 is due. Payments shall be deemed made on the date they are received by the Trustee and shall be applied first to post-judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 14 days of the entry of order and related judgment. Prior to

making the final payment set forth herein, Defendant shall contact the Trustee for the amount due for the final payment.

If Defendant fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this order and related judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

## VIII.

Defendant's Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## IX.

Solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, pre-judgment interest, civil penalty, or other amounts due by Defendant under this order and related judgment, or any other judgment, order, consent order, decree, or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

## X.

This Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this order and related judgment.

//
//
//
//

ORDER
C17-1894-JCC
PAGE - 7

1. The Clerk is DIRECTED to close this case.

2. DATED this 26th day of March 2019.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE